IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

LUGENE DAVIS,                              )
                                           )
        Plaintiff,                         )
                                           )
VS.                                        )         No. 14-2531-JDT-tmp
                                           )
AMY P. WEIRICH,  DISTRICT                  )
ATTORNEY, et al.,                          )
                                           )
        Defendants.                        )

_____

ORDER DENYING MOTION TO DISMISS AS MOOT
(ECF No. 6)
ORDER DIRECTING CLERK TO MODIFY THE DOCKET
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

_____

Plaintiff Lugene Davis, formerly an inmate at the Bledsoe County Correctional

Complex in Pikeville, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § l983,

accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.)  In an

order issued on July 14, 2014, the Court granted leave to proceed *in forma pauperis* and

assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"),

_____

[1] Plaintiff is now incarcerated at South Central Correctional Facility in Clifton, Tennessee. See Davis v.
Allen, 2:15-cv-02031-JDT-tmp (W.D. Tenn. 1/12/2015). The clerk is DIRECTED to modify the docket to reflect
Plaintiff's current address:
Lugene Davis, Inmate Number 137812
South Central Correctional Facility
P.O. Box 279
Clifton, TN 38425-0279

28 U.S.C. §§ 1915(a)-(b). The Clerk shall record the defendants as Shelby County District Attorney Amy Weirich and Grand Jury Foreperson J.P. Vincent.

Defendant Weirich has filed a motion to dismiss. (ECF No. 6.) Because this matter is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted, the motion to dismiss is DENIED as moot.

The complaint alleges that Plaintiff was indicted by a grand jury in Shelby County. Defendant Weirich was the Shelby County District Attorney at the time of the relevant events, and Defendant Vincent was the grand jury foreperson. Plaintiff alleges that the indictment was "bogus" because he was "re-charged" with a burglary that had already been disposed of. Plaintiff also alleges that one of his indictments had an incorrect return date.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the]

complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v.

Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951)

(alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not

entitled to the assumption of truth. While legal conclusions can provide the framework of

a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also*

Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard

to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the

nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams],

490 U.S. [319,] 325 [(1989)]. Any complaint that is legally frivolous would *ipso facto* fail

to state a claim upon which relief can be granted. *See id.* at 328-29." Hill, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28.

Id. at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings

drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383

(quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants and

prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As

the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court
> suggested that *pro se* complaints are to be held to a less stringent standard than
> formal pleadings drafted by lawyers.  *See* Haines v. Kerner, 404 U.S. 519, 92
> S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam).  Neither that Court nor other
> courts, however, have been willing to abrogate basic pleading essentials in *pro
> se* suits.  *See*, *e.g.*, id. at 521, 92 S. Ct. at 596 (holding petitioner to standards
> of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be
> less stringent with *pro se* complaint does not require court to conjure up
> unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d
> 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v.
> Tisch, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with
> requisite specificity so as to give defendants notice); Holsey v. Collins, 90
> F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum
> standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989);  Payne v. Secretary of Treas., 73 F. App'x

836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ.

P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for

her."); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act

as counsel or paralegal to *pro se* litigants.").

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a

deprivation of rights secured by the "Constitution and laws" of the United States (2)

---

[2]Section 1983 provides:  Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress.  For the purposes of this section, any Act of Congress applicable
exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

committed by a defendant acting under color of state law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970).

District Attorney Weirich is absolutely immune from any monetary liability. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of her role as an advocate for the State are entitled to the protections of absolute immunity. <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976); <u>Burns v. Reed</u>, 500 U.S. 478 (1991); <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993). Absolute prosecutorial immunity is not overcome even by a showing that the prosecutor acted wrongfully or maliciously. <u>Grant v. Hollenbach</u>, 870 F.2d 1135, 1138 (6th Cir.1989).

The claims against Defendant Vincent are also dismissed. The absolute immunity that applies to judges also applies to "grand jurors ... in carrying out their official duties." <u>Doe v. Boland</u>, 630 F.3d 491, 498 (6th Cir. 2011). The Supreme Court has noted that the immunity of grand jurors is a common-law tenet that is "almost equally [as] venerable" as that of judicial immunity. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 423 n. 20 (1976). Here, there is no question that Plaintiff's claim against Vincent arises out of Vincent's performance of his official duties as the foreperson of the grand jury. He has absolute immunity in performing this task, and Plaintiff's claims against him therefore fails as a matter of law.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. <u>LaFountain v. Harry</u>, ___ F.3d ___, ___, 2013 WL 2221569, at *5 (6th Cir. 2013); *see also* <u>Brown v. R.I.</u>, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for

failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. Brown, 2013 WL 646489, at *1; Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The deficiencies in Plaintiff's complaint cannot be cured by amendment because the claims asserted are entirely lacking in merit and he seeks to sue defendants that are immune from suit.

The Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where

the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505 appellate filing fee. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the

first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect on entry of judgment. *See* <u>Coleman v. Tollefson</u>, 733 F.3d 175, 177-78 (6th Cir. 2013).

IT IS SO ORDERED.


  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE